Lirjana DASHI, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 04–4956–ag.

United States Court of Appeals,
Second Circuit.

May 9, 2006.

Aleksander Milch (Charles Christophe, Christophe & Associates, P.C., on the brief), New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R.

Melaine A. Williams, Assistant United States Attorney (David E. Nahmias, United States Attorney for the Northern District of Georgia, on the brief), Atlanta, GA, for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 9th day of May, two thousand and six.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review of a decision of the Board of Immigration Appeals ("BIA") is GRANTED, and the case is REMANDED for further proceedings consistent with this order.

Petitioner Lirjana Dashi petitions for review of an August 20, 2004 order of the BIA summarily affirming the order of Immigration Judge Barbara A. Nelson (the "IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts in this case, the relevant procedural history, and the issues on appeal.

As a threshold matter, we have jurisdiction over this petition for review of the agency's denial of Dashi's application following "asylum only proceedings" conducted pursuant to 8 C.F.R. §§ 208.2(c) and 217.4, Kanacevic v. INS, 448 F.3d 129,

134–35 (2d Cir.2006), and therefore proceed to consider the merits.

Where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion, we review the decision of the IJ. See Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). We review an IJ's factual findings under the substantial evidence standard and overturn them only if any reasonable adjudicator would be compelled to conclude to the contrary. See 8 U.S.C. § 1252(b)(4)(B); Zhou Yun Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004). "[W]here the agency's determination is based on an inaccurate perception of the record, omitting potentially significant facts, we may remand for reconsideration or rehearing, or, if circumstances warrant it, a new hearing." Tian–Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir.2004) (internal citations omitted).

The IJ concluded that "a detention for three days, during which there was no serious mistreatment, would not constitute persecution within the meaning of the Immigration and Nationality Act." It is clear from the record that the IJ considered only Dashi's detention without also evaluating whether several other incidents about which Dashi testified—particularly the incident in February 2000—cumulatively supported a claim of past persecution. See Poradisova v. Gonzales, 420 F.3d 70, 79–80 (2d Cir.2005) (holding that an IJ is not to consider the severity of any one event in isolation without considering the cumulative significance of several incidents in determining whether an applicant has established past persecution). The IJ thus failed to "acknowledge, much less evaluate" evidence that is central to Dashi's claim. Tian–Yong Chen, 359 F.3d at 127. Moreover, we are concerned that the

Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

**34**

IJ's error in ignoring a significant portion of Dashi's testimony in support of her claim of past persecution infected the IJ's determination that Dashi had failed to meet her burden of proof by failing to provide corroborating evidence from her husband or her parents.[1] Because we cannot predict that the IJ would adhere to her decision on remand absent the error that was made, remand is appropriate in this case.[2] *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 n. 11 (2d Cir. 2006) (noting that remand may be appropriate where the agency's determination was based on an inaccurate perception of the record and " 'we are unable adequately to consider whether substantial evidence support[ed] the BIA's determination' " (quoting *Tian–Yong Chen,* 359 F.3d at 128)).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this order.

---

1. Because we are remanding this case for reconsideration by the IJ, we do not reach Dashi's claim that the IJ failed to rule explicitly on the credibility of Dashi's testimony, to specify what corroboration Dashi's parents could have provided given that they were not present in Albania for the most serious incidents about which Dashi testified, and to assess Dashi's explanation why her husband had not provided corroborative evidence.

2. On remand, the BIA may wish to consider the Democratic Party's electoral victory in 2005. *See Latifi v. Gonzales,* 430 F.3d 103, 106 n. 1 (2d Cir.2005). Assuming Dashi shows past persecution, the burden of showing the significance of any change in power is on the government. *Id.*